**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 96-6788

BYRON CARLTON CUMBER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-88-26, CA-96-48-7-BR)

Submitted: December 24, 1996

Decided: January 10, 1997

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Bryon Carlton Cumber, Appellant Pro Se. Charles Edwin Hamilton,
III, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Byron Carlton Cumber filed this motion pursuant to 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, attacking the revocation of his term of supervised release. Upon revocation, the district court sentenced Cumber to twenty-four months imprisonment consecutive to a state sentence he was serving, and ordered all restitution due. This Court affirmed the revocation on appeal. United States v. Cumber, No. 95-5024 (4th Cir. Sept. 25, 1995) (unpublished). In this § 2255 proceeding, Cumber raises four challenges to the original sentence and revocation of supervised release. We find merit in none of them.

Cumber attacks the original sentence on nonconstitutional grounds. We decline to review these claims in a collateral attack, as they do not raise a fundamental defect resulting in a miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 185 (1979). His allegation that the sentence imposed on revocation of supervised release violates the Double Jeopardy Clause lacks merit, as supervised release and its revocation are all part of the punishment for the original offense. United States v. Woodrup, 86 F.3d 359, 362 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3294 (U.S. Oct. 15, 1996) (No. 96-6025).

We do not find that Cumber's sentence was excessive, as it was well within the bounds set forth in 18 U.S.C.A.§ 3583(e)(3) (West Supp. 1996), and U.S.S.G. § 7B1.3 (1995). In addition, the district court properly clarified the ambiguous oral judgment by stating in the judgment and commitment order that the sentence would be served consecutive to the state sentence Cumber was serving, as required by U.S.S.G. § 7B1.3(f).

Therefore, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED